[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a malpractice action in eight counts, dated November 6, 1992 and made returnable on December 8, 1992. Count One, Two and Eight are directed to the defendant Dr. Murray Wellner, alleging excessive and improper prescriptions to the plaintiff.
On December 11, 1992, defendant Wellner moved to dismiss these counts because no "good faith certificate" was attached to the complaint as required by C.G.S. 52-190a(a).
On January 20, 1993, plaintiff objected to the motion and filed a certificate of reasonable inquiry dated November 24, 1992.
On February 3, 1993, defendant Wellner filed a motion to strike the complaint as to him because there was no allegation in the certificate that he had deviated from the relevant standard of care.
On April 27, 1993, plaintiff filed an additional good faith certificate, together with an amended complaint of even date.
On July 19, 1993, defendants' motion to strike filed on February 3, 1993 was heard. At that hearing plaintiff's attorney stated that he had in fact made a good faith inquiry prior to instituting this action and that he would file a new certificate within one week. On July 23, plaintiff sent this court a copy of a new certificate which was filed together with an amended complaint of even date, on August 2, 1993. On August 2, 1993, this court denied the motion to dismiss filed on February 3, 1993.
On August 30, 1993, defendant moved for a statutory hearing to question the validity of the good faith certificate dated April 27, 1993 on the ground that "records of the health provider were never examined by the plaintiff prior to the filing of this lawsuit".
The certificate dated July 23, 1993 contains the following statements by plaintiff's counsel:
 4. Prior to November 6, 1992, I made a reasonable inquiry, as permitted by the circumstances, to CT Page 364 determine whether there were grounds for a good faith belief that there had been negligence in the care treatment of the plaintiff.
 5. Such a reasonable inquiry consisted of a consultation with a medical provider in the early autumn of 1992 who reviewed the records of the plaintiff's excessive prescriptions.
 6. The results of that consultation gave rise to a good faith belief on my part that grounds existed for an action against each named defendant[.]
Without passing or the validity of prior certificates, it appears that the certificate dated July 23, 1993, when considered in the context of the consistent oral assurances by plaintiff's attorney that reasonable inquiry was made by him prior to the commencement of this law suit, is sufficient to meet the requirement of C.G.S. 52-190a(a).
Accordingly, defendant's motion for a statutory hearing is denied.
Wagner, J.